JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

18-cv-639

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**18   639**

## I. (a) PLAINTIFFS

Keino Johnson,

**DEFENDANTS**

Woolly Mammoth, LLC, Matthew Woody and Carol Woody

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brauer & Schapiro, LLC; 638 Newtown Yardley Road, Suite 2B, Newtown, PA 18940; Tel.: (215) 953-9100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12181 et seq.

Brief description of cause:
Violations of the Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                DOCKET NUMBER

DATE   2-1  2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Eric Brauer, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

FEB 13 2018

FEB 12 2018

FEB 12 2018

UNITED STATES DISTRICT COURT **18 639**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Keino Johnson 5051 Walnut Street Philadelphia PA 19139

Address of Defendant: Woolly mammoth LLC at 430 South Street Phila.PA 19147
Matthew Woody & Carol Woody at 6 Rose Hill Road Medra PA 19063

Place of Accident, Incident or Transaction: 430 South Street Phila PA 19147
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☑

Does this case involve multidistrict litigation possibilities?   Yes☐ No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Title III of the ADA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Eric Brauer , counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☒ Relief other than monetary damages is sought.

DATE: 2-1-18 _____ 43624
                 Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-1-18 _____ 43624
                 Attorney-at-Law          Attorney I.D.#

FEB 12 2018

CIV. 609 (5/2012)

**MAK**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Keino Johnson                                                    CIVIL ACTION

v.

Woolly Mammoth, LLC,                                         **18        639**
Matthew Woody and Carol Woody                          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.) In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


2-1-18                          Eric Brauer                       Plaintiff
**Date**                        **Attorney-at-law**               **Attorney for**

215-953-9100                   215-434-1198                     eric @ ebrauerlaw.com
**Telephone**                   **FAX Number**                   **E-Mail Address**


(Civ. 660) 10/02

FEB 12 2018

FEB 12 2018



BRAUER & SCHAPIRO, LLC
638 Newtown Yardley Road
Suite 2B
Newtown, PA  18940
(215) 953-9100(P)
(215) 434-1198(F)
eric@ebrauerlaw.com

February 1, 2018

**18    639**

Office of the Clerk
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA  19106

RE:   Keino Johnson vs. Woolly Mammoth LLC, et al.

Dear Sir/Madam:

Enclosed herewith please find a Civil Action Complaint, together with a Civil Cover Sheet, a Case Management Tracking Form, a designation form, the Summons in Civil Action, a disc with pdf format and a check in the amount of $400.00 for filing.

Kindly file the Complaint in accordance with the rules of the United States District Court.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Eric B. Brauer

EBB/ka

Enclosure

FEB 1 2 2018



**MAK**



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEINO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | **18    639** |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | |
| ) | FILE No. _____ ~~FILED~~ |
| WOOLLY MAMMOTH, LLC, ) | |
| MATTHEW WOODY and ) | FEB 1 2 2018 |
| CAROL WOODY, ) | |
| ) | KATE BARKMAN, Clerk |
| Defendants. ) | By_____ |

## COMPLAINT

COMES NOW, KEINO JOHNSON, by and through the undersigned counsel, and files this, his Complaint against Defendants, WOOLLY MAMMOTH, LLC, MATTHEW WOODY and CAROL WOODY, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq*., based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

## PARTIES

2.      Plaintiff KEINO JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Philadelphia, Pennsylvania (Philadelphia County).

3.      Plaintiff is disabled as defined by the ADA.

4.       Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Defendant WOOLLY MAMMOTH, LLC (hereinafter "WOOLLY MAMMOTH, LLC") is a Pennsylvania limited liability company, and transacts business in the state of Pennsylvania and within this judicial district.

7.      WOOLLY MAMMOTH, LLC is the owner and/or operator of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

8.      WOOLLY MAMMOTH, LLC may be properly served with process for service, to wit: Woolly Mammoth, 430 South Street, Philadelphia, PA  19147 (Philadelphia County).

9.    MATTHEW WOODY (hereinafter "MATTHEW WOODY") is a individual, and transacts business in the state of Pennsylvania and within this judicial district.

10.    MATTHEW WOODY is the owner and/or operator of the real property and improvements that the Facility(ies) is/are situated upon and that is the subject of this action, referenced herein as the "Property."

11.    MATTHEW WOODY may be properly served with process for service, to wit: Matthew Woody, 6 Rose Hill Road, Media, PA 19063 (Delaware County).

12.    CAROL WOODY (hereinafter "CAROL WOODY") is a individual, and transacts business in the state of Pennsylvania and within this judicial district.

13.    CAROL WOODY is the owner and/or operator of the real property and improvements that the Facility(ies) is/are situated upon and that is the subject of this action, referenced herein as the "Property."

14.    CAROL WOODY may be properly served with process for service, to wit: Carol Woody, 6 Rose Hill Road, Media, PA 19063 (Delaware County).

## FACTUAL ALLEGATIONS

15.    On or about November, 2017, Plaintiff was a customer at Woolly Mammoth and also attempted to utilize the restroom at the Facility.

3

16.    Plaintiff lives in the near vicinity of the Facility and Property.

17.    Plaintiff's access to the business(es) located 430 South Street, Philadelphia, PA 19147, Pennsylvania County Property Appraiser's parcel number OPA 882637500 ("the Property,") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

18.    Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

19.    Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

20.    Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

21.    Plaintiff resides one-half mile from the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

22.     On July 26, 1990, Congress enacted the Americans with Disabilities

Act 42 U.S.C. § 12101 *et seq.*

23.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or
        mental disabilities, and this number is increasing as the
        population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate
        individuals with disabilities, and, despite some improvements,
        such forms of discrimination against individuals with
        disabilities continue to be a serious and pervasive social
        problem;

(iii)   discrimination against individuals with disabilities persists in
        such critical areas as employment, housing public
        accommodations, education, transportation, communication,
        recreation, institutionalization, health services, voting, and
        access to public services;

(iv)    individuals with disabilities continually encounter various
        forms of discrimination, including outright intentional
        exclusion, the discriminatory effects of architectural,
        transportation, and communication barriers, overprotective
        rules and policies, failure to make modifications to existing
        facilities and practices, exclusionary qualification standards and
        criteria, segregation, and relegation to lesser service, programs,
        activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary
        discrimination and prejudice denies people with disabilities the
        opportunity to compete on an equal basis and to pursue those
        opportunities for which our free society is justifiably famous,

5

and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

24.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

25.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

26.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

27.     The Facility is a public accommodation and service establishment.

6

28.     The Property is a public accommodation and service establishment.

29.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

31.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

32.     The Property must be, but is not, in compliance with the ADA and ADAAG.

33.     Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA

7

violations more specifically set forth in this Complaint.

34.   Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.   Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

36.   Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by

8

Plaintiff and other persons with disabilities.

37.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)    ACCESSIBLE ELEMENTS:**

(i)    There are changes in level in the Property and/or Facility exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 8 (eight) inch vertical rise at the entrance to the Facility that is not ramped, thus rendering the Facility inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii)   The doorway of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iii)  There are changes in level in the Facility exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG

9

standards. Specifically, there is an approximately 7 (seven) inch vertical rise just past the entrance to the Facility that is not ramped, thus rendering the interior of the Facility inaccessible. This violation made it dangerous and difficult for Plaintiff to access the interior of the Facility.

(iv)   Due to the accessible barrier present at the accessible entrance, the Facility lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

(v)   The Facility lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

(vi)   There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(vii)   The interior of the Facility has a bar lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of section 902.3 of the 2010 ADAAG standards, all

10

portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

(viii) The vertical reach to the video jukebox actionable mechanism exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Facility.

(ix) The interior of the Facility has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, specifically, due to the proximity of the dart board wall along the access route to the restroom, the access route to the bathroom has a clear width less than 36 inches in violation of section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Facility.

(x) Defendants fails fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)    RESTROOMS**

11

(i)     The Facility lacks restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)    The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iii)   Restrooms have a sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)    The controls on the faucets require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(v)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(vi)    The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the

12

2010 ADAAG standards. This made it difficult for Plaintiff to safely

utilize the restroom facilities.

(vii)   The soap dispenser in the restroom is located outside the prescribed

vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG

standards. This made it difficult for Plaintiff to safely utilize the

restroom facilities.

(viii)  There is inadequate clear turning space in the stall in violation of

section 603.2.1 of the 2010 ADAAG standards. This made it difficult

for Plaintiff to safely utilize the restroom facilities.

(ix)    The grab bars/handrails adjacent to the commode are missing and

violate section 604.5 of the 2010 ADAAG standards. This made it

difficult for Plaintiff to safely utilize the restroom facilities.

(x)     Due to the proximity of the sink and a policy of storing the trash can

in the maneuvering clearance of the stall door, the accessible toilet

stall door does not open to 90 degrees and has a clear width less than

32 inches in violation section 604.8.1.2 of the 2010 ADAAG

standards. This made it difficult for the Plaintiff to safely utilize the

restroom facilities.

13

38.    Due to the barriers to access present at the Property and Facility, despite best efforts and an intent to purchase items, Plaintiff was unable to access the Property and Facility due to his disability.

39.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

40.    Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

41.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42.    All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

43.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

44.    Upon information and good faith belief, the removal of the physical

14

barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

45.    Upon information and good faith belief, the Facility and Property have been altered since 2010.

46.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

47.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

48.    Plaintiff's requested relief serves the public interest.

49.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

50.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

51.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to

grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant, WOOLLY MAMMOTH, LLC, in violation of the ADA and ADAAG;

(b)    That the Court find Defendant, MATTHEW WOODY, in violation of the ADA and ADAAG;

(c)    That the Court find Defendant, CAROL WOODY, in violation of the ADA and ADAAG;

(d)    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(e)    That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g)    That the Court grant such further relief as just and equitable in light of the circumstances.

16

Dated: January 24, 2018.

Respectfully submitted,

/s/Eric Brauer
Eric Brauer, Esq.
Pennsylvania Bar No. 43624
Brauer & Schapiro, LLC
638 Newtown Yardley Road, Suite 2B
Newtown, PA  18940
Tel: (215) 953-9100
eric@ebrauerlaw.com

17